IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGO MARCUS SELENSKI, | No. 1:21-CV-00101 |
| Petitioner, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| MARK CAPOZZA, *et al.*, | |
| Respondents. | |

## ORDER

### JANUARY 31, 2022

Hugo Marcus Selenski, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence based upon constitutional violations that allegedly occurred during and after his trial.[1] In November 2021, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition, as Selenski's claims are either procedurally defaulted or otherwise without merit.[2] Selenski filed timely objections to this Report and Recommendation.[3]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report

---

[1] Doc. 1.
[2] Doc. 21.
[3] Doc. 22.

or specified proposed findings or recommendations to which objection is made.'"[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5] After reviewing the record, the Court finds no error in Magistrate Judge Carlson's conclusion that Selenski's claims are either procedurally defaulted or without merit.[6] Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 21) is **ADOPTED**;

2. Selenski's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. The Court declines to issue certificate of appealability;[7] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[6] To the extent that Selenski argues his procedural default should be excused because he is actually innocent of his crimes of conviction, his argument fails, as he has not presented "new, reliable evidence of his innocence" sufficient to demonstrate by a preponderance of the evidence that no reasonable juror could have convicted him. *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021). Moreover, for the reasons discussed by Magistrate Judge Carlson, even if not procedurally defaulted, Selenski's claims are without merit.

[7] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).